Doug James
MOULTON BELLINGHAM PC
Suite 1900, Crowne Plaza
P. O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Facsimile (406) 248-7889
E-Mail: Doug.James@MoultonBellingham.com

Attorney for Defendant
MERIDIAN SURGICAL PARTNERS-MONTANA, LLC


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS

| | |
|---|---|
| WESTERN SECURITY BANK, a Division of Glacier Bank<br><br>Plaintiff,<br><br>v.<br><br>MERIDIAN SURGICAL PARTNERS, LLC, MERIDIAN SURGICAL PARTNERS-MONTANA, LLC and OMNI FUNDING CORP.<br><br>Defendants. | CASE NO. CV-13-157-BLG-SHE<br><br><br><br>**ANSWER OF DEFENDANT MERIDIAN SURGICAL PARTNERS-MONTANA, LLC** |

Responding to the numbered paragraphs in the same sequence as they appear in the Complaint, Defendant Meridian Surgical Partners-Montana, LLC ("MSP-Montana") Answers the Complaint filed by Western Security Bank, a Division of Glacier Bank ("Plaintiff") as follows:

**RESPONSES TO JURISDICTION AND VENUE ALLEGATIONS**

1. MSP-Montana is without knowledge and information sufficient to form a belief about the truth of the allegation regarding the organization and citizenship of Plaintiff.

2. The allegations in Paragraph 2 of the Complaint are not directed to MSP-Montana and accordingly, a response by MSP-Montana is not required.

3. MSP-Montana admits the allegations in Paragraph 3 of the Complaint.

4. The allegations in Paragraph 4 of the Complaint are not directed to MSP-Montana and accordingly, a response by MSP-Montana is not required.

5. MSP-Montana admits only that the matter in controversy between Plaintiff and Meridian-Montana exceeds the sum of seventy-five thousand dollars ($75,000.00) and that the Court has personal jurisdiction with respect to MSP-Montana. MSP-Montana is without knowledge and information sufficient to form a belief about the truth of the allegation regarding the citizenship of Plaintiff. MSP-Montana denies all other allegations in Paragraph 5 of the Complaint.

6. MSP-Montana denies the allegations in Paragraph 6 of the Complaint. The Federal Anti-Kickback Statute, 42 U.S.C. § 1320a-7B(b) is a criminal statute that does not provide a civil right of enforcement.

7. MSP-Montana admits only that venue in this Court is proper with respect to the MSP-Montana Guaranty. MSP-Montana denies all other allegations in Paragraph 7 of the Complaint.

### RESPONSES TO FACT ALLEGATIONS

8. MSP-Montana admits only that Plaintiff entered an agreement to loan Omni Funding Corp. ("Omni") $3,020,658.00 for the purpose of constructing an ambulatory surgery center in Billings, Montana (the "Billings ASC"). MSP-Montana denies that it is an affiliate of Omni. MSP-Montana denies all other allegations in Paragraph 8 of the Complaint.

9. The MSP-Montana Guaranty (attached hereto as <u>Exhibit A</u>) is the only agreement between Plaintiff and MSP-Montana and any allegations to the contrary are denied.  The MSP-Montana Guaranty speaks for itself, and MSP-Montana denies any allegations or characterizations in Paragraph 9 of the Complaint not found in, inconsistent with, or contradictory to the MSP-Montana Guaranty.  MSP-Montana admits only that certain physician members of Orthopaedic Neuro Institute Surgical Center, LLC ("ONISC") each entered into a Commercial Guaranty Agreement for a portion of Omni's debt to Western Security.  MSP-Montana denies all other allegations in Paragraph 9 of the Complaint.

10. The MSP-Montana Guaranty is the only agreement between Plaintiff and MSP-Montana and any allegations to the contrary are denied.  The MSP-Montana Guaranty speaks for itself, and MSP-Montana denies any allegations or characterizations in Paragraph 10 of the Complaint not found in, inconsistent with, or contradictory to the MSP-Montana Guaranty.  MSP-Montana is without information and knowledge sufficient to form a belief about the truth of the allegation regarding Plaintiff's state of mind as to what induced it to make the loan to Omni.  MSP-Montana admits that Commercial Guaranty Agreements entered by the physician members of ONISC equaled 78.75% of the loan amount and that MSP-Montana agreed to guaranty 46.25% of ONISC's obligations under the Lease and License Financing and Purchase Option Agreement among Omni, ONISC and Plaintiff (referred to herein as the "Lease" and attached hereto as <u>Exhibit B</u>).  MSP-Montana denies all other allegations in Paragraph 10 of the Complaint.

11. MSP-Montana admits the allegations in Paragraph 11 of the Complaint.

3

12. The loan documents speak for themselves, and MSP-Montana denies any allegations or characterizations in Paragraph 12 of the Complaint not found in, inconsistent with, or contradictory to the Loan documents.

13. MSP-Montana admits only that the Billings ASC was substantially constructed but failed to open for business and that a pivotal physician-investor in ONISC had certain legal difficulties. MSP-Montana denies all other allegations in Paragraph 13 of the Complaint.

14. MSP-Montana denies the allegations in Paragraph 14 of the Complaint.

15. MSP-Montana admits the allegations in Paragraph 15 of the Complaint.

16. MSP-Montana admits only that Plaintiff consented to the October 12, 2012 Change in Terms Agreement signed by John Wilson on behalf of Omni. MSP-Montana denies all other allegations in Paragraph 16 of the Complaint.

17. MSP-Montana admits only that John Wilson and Kenny Hancock made statements about working with Plaintiff and working towards a resolution regarding MSP-Montana's share of the balance of the loan. MSP-Montana is without knowledge and information sufficient to form a belief about the truth of the allegation regarding the exact time and substance of such statements, including those in subparagraph (a) and subparagraphs (c) through (f). MSP-Montana admits the allegation in subparagraph (b).

18. MSP-Montana admits only that no loan payments were made after August 2012, and the balance of the loan at that time was of $1,949,142.24. MSP-Montana denies all other allegations in Paragraph 18 of the Complaint.

19. MSP-Montana admits only that John Wilson and Kenny Hancock made statements about working with Plaintiff towards a resolution regarding MSP-Montana's share of the balance of the loan. MSP-Montana is without knowledge and information sufficient to form

a belief about the truth of the allegation regarding the exact time and substance of such statements.  MSP-Montana denies all other allegations in Paragraph 19 of the Complaint, including subparagraphs (a) through (c)

20.     MSP-Montana admits that it is the only entity that guaranteed any portion of the Lease.  MSP-Montana is without knowledge or information sufficient to form a belief about the truth of the allegation regarding the election by "the Board".  MSP-Montana denies all other allegations in Paragraph 20 of the Complaint.

21.     MSP-Montana admits only that MSP-Montana is a wholly owned subsidiary of Meridian.  With respect to the allegations in subparagraph (a), the MSP-Montana Operating Agreement speaks for itself, and MSP-Montana denies any allegations or characterizations in subparagraph (a) not found in, inconsistent with, or contradictory to the MSP-Montana Operating Agreement.  MSP-Montana denies all other allegations in Paragraph 21 of the Complaint, including subparagraphs (b) through (d).

22.     MSP-Montana admits only that it has a 46.25% membership interest in ONISC. The ONISC Operating Agreement speaks for itself, and MSP-Montana denies any allegations or characterizations in Paragraph 22 of the Complaint not found in, inconsistent with, or contradictory to the ONISC Operating Agreement.

23.     MSP-Montana denies the allegations in Paragraph 23 of the Complaint.

24.     MSP-Montana admits that John Wilson executed the MSP-Montana Guaranty on behalf of MSP-Montana.  MSP-Montana denies all other allegations in Paragraph 24 of the Complaint.

25.     MSP-Montana is without knowledge and information sufficient to form a belief about the truth of the allegation in Paragraph 25 of the Complaint.

26. MSP-Montana admits the allegations in Paragraph 26 of the Complaint.

27. MSP-Montana denies the allegations in Paragraph 27 of the Complaint.

28. MSP-Montana denies all allegations in the first paragraph of Paragraph 28 of the Complaint. MSP-Montana is without knowledge and information sufficient to form a belief about the truth of the allegation in subparagraph (a) of Paragraph 28 of the Complaint. MSP-Montana admits the allegations in subparagraphs (b) and (c) of Paragraph 28 of the Complaint.

29. MSP-Montana denies the allegations in Paragraph 29 of the Complaint.

30. MSP-Montana denies the allegations in Paragraph 30 of the Complaint.

## RESPONSES TO ALLEGATIONS FOR
## COUNT I – DECLARATORY RELIEF

31. MSP-Montana incorporates here its responses to Paragraphs 1 through 30 above.

32. MSP-Montana admits only that there is a dispute. MSP-Montana denies that declaratory relief is appropriate and denies any fact allegations in Paragraph 32 of the Complaint.

33. MSP-Montana denies the allegations in Paragraph 33 of the Complaint.

## RESPONSES TO ALLEGATIONS FOR
## COUNT II – LOAN DEFAULT-OMNI

34. MSP-Montana incorporates here its responses to Paragraphs 1 through 33 above.

35. The allegations in Paragraph 35 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana admits the allegations in Paragraph 35 of the Complaint.

36. The allegations in Paragraph 36 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana states that the Promissory Note speaks for itself, and MSP-Montana denies any allegations or characterizations in Paragraph 36 of the Complaint not found in, inconsistent with, or contradictory to the Promissory Note.

37. The allegations in Paragraph 37 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana admits only that Omni is in default of its obligations under its Business Loan Agreement with Plaintiff and that the balance of the loan in August 2012 was of $1,949,142.24. MSP-Montana is without knowledge or information sufficient to form a belief about the truth of the allegation regarding the other allegations in Paragraph 37 of the Complaint.

38. The allegations in Paragraph 38 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana states that the Promissory Note and Business Loan Agreement (which, along with the Commercial Security Agreement between Omni and Plaintiff, are attached hereto as Exhibit C) speak for themselves, and MSP-Montana denies any allegations or characterizations in Paragraph 38 of the Complaint not found in, inconsistent with, or contradictory to these agreements.

39. The allegations in Paragraph 39 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 39 of the Complaint.

**RESPONSES TO ALLEGATIONS FOR
COUNT III – MSP-MONTANA GUARANTY**

40. MSP-Montana incorporates here its responses to Paragraphs 1 through 39 above.

41. The MSP-Montana Guaranty speaks for itself. The language quoted in Paragraph 41 is included in the MSP-Guaranty, but this agreement should be considered in its entirety. MSP-Montana denies any allegations or characterizations in Paragraph 41 of the Complaint not found in, inconsistent with, or contradictory to the MSP-Montana Guaranty, including any allegations that MSP Montana guaranteed more than 46.25% of the Lease obligations.

42. The Lease speaks for itself. The language quoted in the first sentence of Paragraph 42 is included in the Lease, but this agreement should be considered in its entirety. MSP-Montana denies any allegations or characterizations in Paragraph 42 of the Complaint not found in, inconsistent with, or contradictory to this agreement, including that the language quoted in the second sentence of Paragraph 42 of the Complaint is not accurate.

43. MSP-Montana Guaranty speaks for itself. The language quoted in Paragraph 43 is included in the MSP-Guaranty, but this agreement should be considered in its entirety. MSP-Montana denies any allegations or characterizations in Paragraph 43 of the Complaint not found in, inconsistent with, or contradictory to the MSP-Montana Guaranty, including that the language quoted in Paragraph 43 of the Complaint is misleading because the entity defined as "OMNI" under MSP-Montana Guaranty is ONISC, not the entity defined as "Omni" in the Complaint.

44. MSP-Montana admits the allegations in Paragraph 44 of the Complaint.

45. MSP-Montana denies the allegations in Paragraph 45 of the Complaint.

### RESPONSES TO ALLEGATIONS FOR
### COUNT IV – PIERCING THE CORPORATE VEIL – MSP-MONTANA

46. MSP-Montana incorporates here its responses to Paragraphs 1 through 45 above.

47. MSP-Montana denies the allegations in Paragraph 47 of the Complaint. Plaintiff was fully aware of the structure of the loan and the entities with whom Plaintiff entered agreements, and Plaintiff proceeded to make the loan with only the involvement of those entities. Meridian Surgical Partners, LLC was not a party to any loan agreement or guaranty.

48. MSP-Montana denies the allegations in Paragraph 48 of the Complaint.

49. MSP-Montana denies the allegations in Paragraph 49 of the Complaint.

50. MSP-Montana denies the allegations in Paragraph 50 of the Complaint.

51. MSP-Montana denies the allegations in Paragraph 51 of the Complaint.

52. MSP-Montana denies the allegations in Paragraph 52 of the Complaint.

## RESPONSES TO ALLEGATIONS FOR
## COUNT V – PIERCING THE CORPORATE VEIL – OMNI

53. MSP-Montana incorporates here its responses to Paragraphs 1 through 52 above.

54. The allegations in Paragraph 54 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 54 of the Complaint.

55. The allegations in Paragraph 55 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 55 of the Complaint.

56. The allegations in Paragraph 56 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 56 of the Complaint.

57. The allegations in Paragraph 57 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 57 of the Complaint.

58. The allegations in Paragraph 58 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 58 of the Complaint.

59. The allegations in Paragraph 59 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 59 of the Complaint..

**RESPONSES TO ALLEGATIONS FOR
COUNT VI – NEGLIGENT MISREPRESENTATION**

60. MSP-Montana incorporates here its responses to Paragraphs 1 through 59 above.

61. The allegations in Paragraph 61 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 61 of the Complaint.

62. The allegations in Paragraph 62 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 62 of the Complaint.

63. The allegations in Paragraph 63 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 63 of the Complaint.

64. The allegations in Paragraph 64 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana states that it is aware of the lawsuit styled *United States of America, ex rel. Thomas Reed Simmons, v. Meridian Surgical Partners, LLC, et al.*, Civil Case No. 3:11-CV-00439 pending in the United States District Court for the Middle District of Tennessee. MSP-Montana denies all other allegations in Paragraph 64 of the Complaint.

65. The allegations in Paragraph 65 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 65 of the Complaint.

66. The allegations in Paragraph 66 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 66 of the Complaint.

67. The allegations in Paragraph 67 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 67 of the Complaint.

## RESPONSES TO ALLEGATIONS FOR
## COUNT VII – TORTIOUS INTERFERENCE

68. MSP-Montana incorporates here its responses to Paragraphs 1 through 67 above.

69. MSP-Montana denies the allegations in Paragraph 69 of the Complaint.

70. The allegations in Paragraph 70 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 70 of the Complaint.

71. The allegations in Paragraph 71 of the Complaint are not directed to MSP-Montana. To the extent a response is required, MSP-Montana denies the allegations in Paragraph 71 of the Complaint.

## RESPONSE TO JURY DEMAND

Plaintiff's jury demand fails to comply with the requirements of D. Mont. L.R. 38.1.

## AFFIRMATIVE DEFENSES

MSP-Montana asserts the following defenses:

1. MSP-Montana is entitled to offset any liability to Plaintiff with amounts already collected or received by Plaintiff and any collateral used to secure the loan made by Plaintiff.

2. To the extent MSP-Montana is found liable to Plaintiff in an amount that exceeds its pro-rata share of the debt as provided in the MSP-Montana Gauranty, MSP-Montana is entitled to contribution from all other individuals or entities with liability to Plaintiff related to the Billings ASC.

3. To the extent MSP-Montana Plaintiff pleads the torts of negligent misrepresentation and tortious interference against MSP-Montana, MSP-Montana asserts the defenses of comparative fault and contributory negligence.

4. Plaintiff's claims are barred because they have not joined necessary and indispensable parties and have not included in the Complaint reasons for not joining such parties. *See* Fed. R. Civ. P. 19.

5. To the extent Mont. Code Ann. § 27-2-203 is applicable, Plaintiff's claims are barred by applicable statutes of limitation.

**DATED** this 7th day of April, 2014.

MOULTON BELLINGHAM PC

/s/ Doug James
Doug James
Suite 1900, Crowne Plaza
P. O. Box 2559
Billings, Montana 59103-2559

Attorney for Defendant
MERIDIAN SURGICAL PARTNERS-
MONTANA, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer has been served by the Court's electronic case filing system on this the 7th day of April, 2014 to:

Robert L. Sterup
Shane Coleman
HOLLAND & HART LLP
401 North 31st Street
Suite 1500
Billings, MT 59101-1277
Telephone: (406) 252-2166
Facsimile: (406) 252-1669
rlsterup@hollandhart.com
spcoleman@hollandhart.com


and

Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
800 North Last Chance Gulch, Suite 101
PO Box 1697
Helena, MT 59624
Telephone: (406) 443-6820
Facsimile: (406) 443-6883
stan@bkbh.com
kim@bkbh.com


          /s/ Doug James