Stanley T. Kaleczyc
Kimberly A. Beatty
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
800 North Last Chance Gulch, Suite 101
PO Box 1697
Helena, MT 59624
Telephone: (406) 443-6820
Facsimile:   (406) 443-6883
stan@bkbh.com
kim@bkbh.com

Attorneys for OMNI FUNDING CORP.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WESTERN SECURITY BANK, A Division of Glacier Bank,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERIDIAN SURGICAL PARTNERS, LLC, MERIDIAN SURGICAL PARTNERS-MONTANA, LLC, OMNI FUNDING CORP.,<br><br>　　　　Defendants.<br><br>OMNI FUNDING CORP.<br><br>　　　　Third Party Plaintiff.<br><br>　　v.<br><br>SCHNEIDER LIMITED PARTNERSHIP, ORTHOPAEDIC NEURO INSTITUTE SURGICAL CENTER, LLC, JAY WINZENREID, M.D., STEPHEN EMERY, BIG HORN BASIN AND JOINT, LLC, ANDREW BAKER, DANIEL MATTSON,<br><br>　　　　Third Party Defendants. | Case No. CV-13-157-BLG-SEH<br><br>**ANSWER, CROSS CLAIM AND THIRD PARTY COMPLAINT OF OMNI FUNDING CORP. AND DEMAND FOR JURY TRIAL** |

Defendant Omni Funding Corp., ("Omni Funding "), by and through its undersigned counsel of record, hereby answers Plaintiff's Complaint ("Complaint") as follows:

## ANSWER

1.     Omni Funding admits the allegations set forth in Paragraph 1 of the Complaint.

2.     Omni Funding admits the allegations set forth in the first sentence of Paragraph 2 of the Complaint.  Omni Funding is without sufficient knowledge or information with respect to the remaining allegations contained in Paragraph 2 of the Complaint so as to form a belief concerning the truth or falsity of these allegations and thus denies the same.

3.     Omni Funding admits the allegation set forth in Paragraph 3 that Meridian Surgical Partners-Montana, LLC ("Meridian-Montana") is a Delaware limited liability company whose sole member, as of December 12, 2011, was Meridian Surgical Partners LLC.  Omni Funding is without sufficient knowledge or information with respect to the remaining allegations contained in Paragraph 3 of the Complaint so as to form a belief concerning the truth or falsity of these allegations and thus denies the same.

4. The legal name of the answering Defendant is "Omni Funding Corp." and not "Omni Funding Corporation." Omni Funding otherwise admits the allegations set forth in Paragraph 4 of the Complaint.

5. Omni Funding admits that the amount in controversy set forth in Paragraph 5 exceeds $75,000. The remaining allegations contained in Paragraph 5 of the Complaint call for conclusions of law, to which no response is required. To the extent a response is otherwise required; Omni Funding denies the remaining allegations of Paragraph 5.

6. To the extent Paragraph 6 of the Complaint is a statement of law, contains legal conclusions, or is a statement of the relief which Plaintiff is seeking, no response is required.

7. Omni Funding admits that the loan which is the subject matter of this Complaint was made in Montana by Omni Funding with Plaintiff Western Security Bank ("Western Security" or "Bank"). Omni Funding does not know to what specific "events" Plaintiff is referring which "occurred in the State of Montana" and thus is without sufficient information to form a belief concerning the truth or falsity of these "events" and thus denies the same. Plaintiff's allegation that venue is proper in this judicial district call for a legal conclusion as to which no response is required.

## FACTS COMMON TO ALL COUNTS

8.     Omni Funding admits that Western Security Bank entered into a loan with Omni Funding that is memorialized in various loan transaction documents in a loan which closed on December 12, 2011.  These loan transaction documents include, but are not limited to, a Business Loan Agreement entered into between Omni Funding and Western Security, a Promissory Note drawn by Omni Funding in favor of Western Security, a Commercial Security Agreement between Omni Funding and Western Security, a Registered Lease and License Financing and Purchase Option Agreement ("Registered Lease") entered into by Omni Funding, Orthopaedic Neuro Institute Surgical Center LLC ("Ortho Neuro") and Western Security as Collateral Agent, a guaranty of the aforesaid Registered Lease by Meridian Surgical Partners – Montana LLC in favor of Western Security as Collateral Agent, six commercial loan guaranties made by various parties and other related loan documents, and other documents which comprised the closing documents for the loan transaction (collectively referred to as the "Loan Transaction Documents"), which documents speak for themselves.  Omni Funding denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.     Omni Funding admits that Western Security loaned funds to Omni Funding as an intermediary to facilitate the lease transaction at issue. Omni Funding denies the loan was to "fund construction of the Billings ASC."  The uses

of the proceeds of the loan are set forth in the Business Loan Agreement and that document speaks for itself. Omni Funding denies it is a "Meridian affiliate." Omni Funding admits it entered into the Registered Lease Agreement with Ortho Neuro, which document recites, among other things, that Western Security is the Collateral Agent, and the Registered Lease Agreement speaks for itself.  Omni Funding admits that as of the date of its organization Meridian – Montana had a 44.12% interest in Ortho Neuro.  Omni Funding is without sufficient knowledge so as to form a belief as to whether Ortho Neuro was "controlled by Meridian" and thus denies the same.  Omni Funding admits that certain persons identified in the Loan Transaction Documents; namely, Schneider Limited Partnership, Jay Winzenreid, M.D., Stephen Emery, Big Horn Basin Joint and Bone, LLC, Andrew Baker, and Daniel Mattson, each entered into a Commercial Guaranty in favor of Western Security which guaranteed a portion of the loan from the Bank to Omni Funding.  Each Commercial Guaranty speaks for itself.  Omni Funding admits Meridian-Montana entered into a separate guarantee of the Registered Lease in favor of Western Security, with the Bank as Collateral Agent.  That Commercial Guaranty speaks for itself.    Omni Funding denies all other allegations in Paragraph 9 of the Complaint.

10.    With respect to the allegations which purport to represent the terms of the loan and the content of various loan documents, the Loan Transaction

Documents speak for themselves and no response is required. Omni Funding is without sufficient knowledge to form a belief as to whether Meridian-Montana's agreement to guarantee 46.25% of the loan was a material inducement to the Bank to enter into the loan transaction and therefore Omni Funding denies the same. Omni Funding denies each and every other allegation contained in Paragraph 10 of the Complaint.

11. Omni Funding admits the allegations set forth in Paragraph 11 of the Complaint.

12. The Loan Transaction Documents speak for themselves and no response is required.

13. Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint, and therefore denies each such allegation.

14. To the extent the allegations contained in Paragraph 14 purport to describe actions of Meridian or its agents, such allegations are directed to Defendants other than Omni Funding and no response from Omni Funding is required. Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint, and therefore denies each such allegation.

15.     Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint, and therefore denies each such allegation.  Omni Funding further assert the Change in Terms Agreement speaks for itself and to that extent, no response is required.

16.     To the extent the allegations contained in Paragraph 16 purport to describe actions of Meridian or its agents, such allegations are directed to Defendants other than Omni Funding and no response from Omni Funding is required.  Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint, and therefore denies each such allegation.  Omni Funding further asserts the Change in Terms Agreement speaks for itself and to that extent, no response is required.

17.     To the extent the allegations contained in Paragraph 17 and its subparts purport to describe actions of Meridian or its agents, such allegations are directed to Defendants other than Omni Funding and no response from Omni Funding is required.  Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint, and therefore denies each such allegation.

a.     Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 17a of the Complaint, and therefore denies each such allegation.

b.     Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 17b of the Complaint, and therefore denies each such allegation.

c.     Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 17c of the Complaint, and therefore denies each such allegation.

d.     Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 17d of the Complaint, and therefore denies each such allegation

e.     Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 17e of the Complaint, and therefore denies each such allegation.

f.     Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 17f of the Complaint, and therefore denies each such allegation.

Further, to the extent that the allegations contained in Paragraph 17 of the Complaint are representations made by, on behalf of, or about Meridian, no response by Omni Funding is required.

18.    To the extent the allegations contained in Paragraph 18 purport to describe actions of Meridian or its agents, such allegations are directed to Defendants other than Omni Funding and no response from Omni Funding is required.  Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint, and therefore denies each such allegation.  Omni Funding admits the amount of principal owed at the time of default has been represented by the Bank as alleged in the last sentence of Paragraph 18 of the Complaint.

19.    To the extent the allegations contained in Paragraph 19 and its subparts purport to describe actions of Meridian or its agents, such allegations are directed to Defendants other than Omni Funding and no response from Omni Funding is required.  Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint, including the allegations contained in subparagraphs 19.a through 19.c inclusive, and therefore denies each such allegation.

20.     Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint, and therefore denies each such allegation.  Omni Funding further affirmatively states that the Complaint alleges that each of these representations was made by, about, or on behalf of Meridian, and thus no response by Omni Funding is required.

21.     Omni Funding admits that as of the date of creation of Meridian – Montana, the sole member of Meridian – Montana was Meridian Surgical Partners LLC.  To the extent the allegations contained in Paragraph 21 and its subparts purport to describe actions of Meridian, Meridian-Montana or any agents of either entity, such allegations are directed to Defendants other than Omni Funding and no response from Omni Funding is required.  Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint, and therefore denies each such allegation.

a.     The allegations contained in Paragraph 21a of the Complaint purport to describe the contents of a writing, which speaks for itself.

b.     Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 21b of the Complaint, and therefore denies each such allegation.     Omni Funding

9

further affirmatively states that this Paragraph 21b alleges that each of the representations was made by, about, or on behalf of Meridian, and thus no response by Omni Funding is required.

c.     To the extent that the allegations contained in Paragraph 21c of the Complaint constitute conclusions of law, no response is required.  Further, Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 21c and thus denies the same.

d.     The allegations contained in Paragraph 21d relate to Meridian-Montana and Meridian, and thus no response is required.  Further, Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 21d of the Complaint, and therefore denies all such allegations.

22.     Omni Funding is informed and believes that as of the date of the Operating Agreement of Ortho-Neuro, Montana – Meridian had a 44.125% membership interest in Ortho-Neuro; the Operating Agreement speaks for itself. Omni Funding is without sufficient knowledge or information as to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 22 of the Complaint and thus denies the same.

23.     Omni Funding admits that a "John C. Wilson, Jr." signed the Business Loan Agreement and Promissory Note between Omni Funding and the Bank as "Authorized Officer of Omni Funding Corp."  Omni Funding denies that John Wilson signed the Registered Lease Agreement on behalf of Omni Funding. Otherwise, the documents referenced in Paragraph 23 of Plaintiff's Complaint speak for themselves and Omni Funding denies all other allegations.

24.     Omni Funding denies the allegations contained in Paragraph 24 of the Complaint.   John Wilson signed Montana-Meridian Guaranty as Secretary of Meridian-Montana; that document speaks for itself.

25.     Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Complaint, and therefore denies each such allegation.

26.     Omni Funding admits the allegations set forth in the first sentence of Paragraph 26 of the Complaint; the Registered Lease agreement speaks for itself. Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 26 of the Complaint and thus denies the same.

27.     Omni Funding admits that at the time of the closing of the loan transaction John Wilson was Chief Financial Officer of Omni Funding.  Omni Funding does not know which discussions occurred or how John Wilson

11

represented himself in any such discussions reference in Paragraph 27 of the Complaint. Omni Funding denies that Kenny Hancock was an officer of Omni Funding or that he was authorized to represent Omni Funding. Omni Funding is without sufficient knowledge or information so as to form a belief as to whether Mr. Hancock  purported to represent himself at any time as an authorized representative of Omni Funding and thus denies the same. Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 27 of the Complaint, and therefore denies the same.

28.   To the extent the allegations contained in Paragraph 28 and its subparts purport to describe actions of Meridian, Meridian-Montana or the agents of either entity, such allegations are directed to Defendants other than Omni Funding and no response from Omni Funding is required. Omni Funding is without sufficient knowledge or information with respect to the allegations contained in the first sentence of Paragraph 28 of the Complaint regarding who or what induced Western Security to enter into the loan transaction, and therefore denies the same. To the extent the allegations contained in Paragraph 28 of the Complaint regarding the Loan Transaction Documents purport to describe the contents of those documents, the documents speak for themselves and no response is required. To the extent a response is required; Omni Funding denies these

allegations as alleged.   Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in the second sentence of Paragraph 28 of the Complaint and thus denies the same.   Omni Funding admits that Meridian did not capitalize Omni Funding; Omni Funding was formed and capitalized for the express and sole purpose to serve as an intermediary entity in the lease transaction as described in the Loan Transaction Documents.  Omni Funding denies that Meridian had any obligation to capitalize Omni Funding.  Omni Funding admits Western Security loaned Omni Funding slightly more than $2.0 million; and, Western Security was and is the Collateral Agent for Omni Funding with respect to this loan transaction as described in various Loan Transaction Documents.

a.     The allegations contained in Paragraph 28a of the Complaint purport to describe the contents of a writing, which speaks for itself to which no response is required.   To the extent a response is required; Omni Funding denies these allegations as alleged.

b.     Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 28b of the Complaint, and therefore denies the same.    Omni Funding further states that the allegations contained in Paragraph 28b purport to represent the content of the documents referenced therein, and those documents speak for themselves.

c.     Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 28c of the Complaint, and therefore denies the same.     Omni Funding further states that the allegations contained in Paragraph 28c purport to represent the content of the documents referenced therein, and those documents speak for themselves.

29.     To the extent that Paragraph 29 states a legal conclusion, no response is required.  Omni Funding does not know to whom the Plaintiff is specifically referring when it refers to "Meridian and its affiliates" and "a single economic entity" and thus cannot respond to this allegation.   To the extent a response is required, Omni Funding denies the same.   As to the remaining allegations in Paragraph 29, Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 29 of the Complaint, and therefore denies the same.

30.     To the extent the allegations contained in Paragraph 30 and its subparts purport to describe actions of Meridian or its agents, such allegations are directed to Defendants other than Omni Funding and no response from Omni Funding is required.  To the extent that Paragraph 30 including subparagraphs 30a and 30b of the Complaint purport to contain statements of law, legal conclusions, or summaries of legal pleadings or other documents referenced therein, such documents speak for themselves; and no response is required to Paragraph 30.

14

Further, the allegations contained in Paragraph 30 are directed to Meridian and not Omni Funding, and thus no response is required.  Omni Funding is also without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations concerning the litigation referenced in Paragraph 30 and the Private Offering Memorandum referenced therein, and therefore denies each such allegation.

a.     The allegations contained in Paragraph 30a of the Complaint purport to describe the contents of a writing which speaks for itself and no response is required.

b.     The allegations contained in Paragraph 30b of the Complaint purport to describe the contents of a writing which speaks for itself, and no response is required.

## COUNT I
## DECLARATORY RELIEF

31.     Omni Funding incorporates by reference as though fully stated herein Paragraphs 1-30 of this Answer.

32.     The allegations contained in Paragraph 32 of the Complaint purport to describe conclusions of law to which no response is required.  To the extent a response is required; Omni Funding states that Western Security is the Collateral Agent for Omni Funding with respect to the loan transaction at issue.

33.    The allegations contained in Paragraph 33 of the Complaint purport to describe conclusions of law to which no response is required.

## COUNT II
## LOAN DEFAULT-OMNI FUNDING

34.    Omni Funding incorporates by reference as though fully stated herein Paragraphs 1-33 of this Answer.

35.    To the extent that Paragraph 35 of the Complaint purports to recite the terms and conditions of certain of the Loan Transaction Documents, those documents speak for themselves and no response is required.  Omni Funding admits it borrowed money from Western Security Bank for the loan transaction at issue with the Bank as its Collateral Agent.

36.    The allegations contained in Paragraph 36 of the Complaint purport to describe the contents of a writing which speaks for itself and thus no response is required.

37.    Omni Funding admits the allegations set forth in the first sentence of Paragraph 37 of the Complaint.  Subject to further verification, Omni Funding admits that the amounts stated in the second sentence of Paragraph 37 are the approximate amounts due under the loan from Western Security to Omni Funding subject to any set-off or reductions from the sale of collateral by the Bank.  Omni Funding further states that under the applicable Loan Transaction Documents the Bank is the Collateral Agent for Omni Funding.

38.     The allegations contained in Paragraph 38 of the Complaint purport to describe the contents of a writing which speaks for itself and no response is required.

39.     The allegations contained in Paragraph 39 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Omni Funding denies the same.

## COUNT III
## MONTANA-MERIDIAN GUARANTEE

40.     Omni Funding incorporates by reference as though fully stated herein Paragraphs 1-39 of this Answer.

41.     The allegations contained in Paragraph 41 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

42.     The allegations contained in Paragraph 42 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

43.     The allegations contained in Paragraph 43 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

44.     Omni Funding admits the first sentence of Paragraph 44 of the Complaint.  Otherwise, the allegations contained in Paragraph 44 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

45.     The allegations contained in Paragraph 45 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

## COUNT  IV
## PIERCING THE CORPORATE VEIL-MERIDIAN MONTANA

46.     Omni Funding incorporates by reference as though fully stated herein Paragraphs 1-45 of this Answer.

47.     The allegations contained in Paragraph 47 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

48.     The allegations contained in Paragraph 48 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

49.     The allegations contained in Paragraph 49 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

50.     The allegations contained in Paragraph 50 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

51.     The allegations contained in Paragraph 51 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

52.     The allegations contained in Paragraph 52 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

///

## COUNT V
## PIERCING THE CORPORATE VEIL-OMNI FUNDING

53.     Omni Funding incorporates by reference as though fully stated herein Paragraphs 1-52 of this Answer.

54.     The allegations contained in Paragraph 54 of the Complaint constitute conclusions of law, to which no response is required.  To the extent a response is required, Omni Funding denies the same.

55.     Omni Funding denies the allegations contained in the first sentence of Paragraph 55 of the Complaint.  Omni Funding was created as an intermediary to facilitate the loan transaction as described in the Loan Transaction Documents. Omni Funding denies the allegations contained in the second sentence of Paragraph 55 of the Complaint.  Omni Funding admits that John Wilson signed various Loan Transaction Documents in his respective capacities for various entities; those documents speak for themselves and no further response is required. Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 with respect to representations made by John Wilson, Kenny Hancock or Meridian, or the source of the funds allegedly used to make payments on the loan at issue, and therefore denies the same.

56.     Omni Funding is not owned by nor was it capitalized by Meridian. Omni Funding denies the remaining allegations contained in Paragraph 56 of the Complaint.

57.     To the extent the allegations contained in Paragraph 57 of the Complaint are directed to a person other than Omni Funding, no response is required. The allegations contained in the first sentence of Paragraph 57 constitute conclusions of law to which no response is required.  To the extent a response is required; Omni Funding denies these allegations as alleged.  Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 as to what representation(s) induced Western Security to make the loan, and therefore denies the same.  Omni Funding is not and was not owned by Meridian nor did Meridian capitalize Omni Funding.

58.     To the extent the first sentence of Paragraph 58 of the Complaint is directed at a person other than Omni Funding, no response is required. The allegations contained in the first sentence of Paragraph 58 constitute conclusions of law to which no response is required.  To the extent a response is required, Omni Funding denies these allegations as alleged.   Omni Funding denies that it was a sham or shell; Omni Funding was created as an intermediary entity to facilitate the loan transaction at issue.  Western Security is the Collateral Agent for Omni

Funding, as set forth in the applicable Loan Transaction Documents, and Western Security knew, or should have known, Omni Funding's role in the transaction. Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of what induced Western Security to make the loan and thus denies the same. Omni Funding is without sufficient knowledge or information so as to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 58, and therefore denies the same.

59.    To the extent that the allegations contained in Paragraph 59 of the Complaint are directed to a person other than Omni Funding, no response is required. To the extent the allegations in Paragraph 59 constitute conclusions of law, no response is required. To the extent a response is required, Omni Funding denies the same.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

60.    Omni Funding incorporates by reference as though fully stated herein Paragraphs 1-59 of this Answer.

61.    The allegations contained in Paragraph 61 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

62.    The allegations contained in Paragraph 62 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

63.     The allegations contained in Paragraph 63 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

64.     The allegations contained in Paragraph 64 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

65.     The allegations contained in Paragraph 65 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

66.     The allegations contained in Paragraph 66 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

67.     The allegations contained in Paragraph 67 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

## COUNT VII
## TORTIOUS INTERFERENCE

68.     Omni Funding incorporates by reference as though fully stated herein Paragraphs 1-67 of this Answer.

69.     The allegations contained in Paragraph 69 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

70.     The allegations contained in Paragraph 70 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

71.     The allegations contained in Paragraph 71 of the Complaint relate to other parties and not to Omni Funding, and therefore no response is required.

72.     Omni Funding specifically denies any allegation set forth in Plaintiff's Complaint not specifically admitted hereinabove.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff has failed to state a claim for which relief may be granted.

### Second Affirmative Defense

Omni Funding was an intermediary created to facilitate the lease transaction at issue; the existence and role of Omni Funding in the lease transaction was known, or should have been known, by Western Security Bank.   That role was to facilitate a loan the collateral for which was a lease entered into between Omni Funding and Ortho-Neuro, performance on which lease was guaranteed in part by Meridian Montana, and the loan itself guaranteed by signatories to various Commercial Guaranties prepared by the Bank on Bank forms in their proportionate shares, which facts were known by Western Security at the time of the closing of the Loan Transaction on December 12, 2011, and the Bank should look to Ortho Neuro as the lessee, Meridian-Montana as the guarantor of the lease, and the guarantors of the loan for payment of any and all amounts due and owing.

### Third Affirmative Defense

To the extent Omni Funding owes any obligation to Western Security, Meridian-Montana and the guarantors of the loan are responsible for contribution

23

to or indemnification of Omni Funding pursuant to various Loan Transaction Documents, and Omni Funding is entitled to a set-off or reduction in any amount owed for the same.

Fourth Affirmative Defense

Western Security Bank is the Collateral Agreement for Omni Funding and has all the rights reserved to Omni Funding to sell collateral and execute on the various guarantees, and Omni Funding is entitled to a set-off or reduction in any amount owed as a result of sale of collateral by the Bank.

Fifth Affirmative Defense

Western Security has acted as the Collateral Agent of Omni Funding in the sale of certain assets of Omni Funding which were leased to Ortho Neuro and pledged as security for the lease between Omni Funding and Ortho Neuro Institute, and Omni Funding is entitled to the benefit of any such sale(s) of collateral in the form of a reduction of principal and interest owed, if any.

Sixth Affirmative Defense

Western Security Bank, to the best of Omni Funding's knowledge, information and belief, has failed to execute on the guarantees of the loan, and Omni Funding is entitled to a set-off amount owed as a result of any payment by the guarantors or any of them.

24

Seventh Affirmative Defense

Western Security Bank has failed to take all commercially reasonable steps to collect money owed to it by executing on all applicable guarantees of the debt.

Eighth Affirmative Defense

To the extent Western Security Bank pleads the torts of negligent misrepresentation or tortious interference against Omni Funding, Omni Funding asserts the defenses of comparative fault and contributory negligence.

Ninth Affirmative Defense

To the extent Mont. Code Ann. §27-2-203 is applicable, Plaintiff's claims are barred by the applicable statute of limitations.

Additional Affirmative Defenses

Omni Funding hereby reserves the right to rely on any further affirmative defenses which may become available or apparent during the course of discovery and reserves the right to amend its Answer to assert any such defense.

Applicability of Affirmative Defenses

At this time, Omni Funding is uncertain as to which affirmative defenses may apply if this case proceeds to a trial.  Omni Funding will dismiss any affirmative defense(s) at the final pretrial conference which do not appear to be reasonably supported by the facts and/or the law.  The purpose of raising these affirmative defenses is not to create defenses where no basis for such defenses

exists.   Rather, it is in recognition that the pleadings, discovery, and trial preparation require an examination and evaluation of evolving facts in law.  The decision maker, whether it be a judge or a jury, should have available for consideration all applicable defenses.

## OMNI FUNDING'S CROSS-CLAIM AGAINST MERIDIAN SURIGICAL PARTNERS-MONTANA, LLC

Omni Funding, for its Cross-Claim against Defendant Meridian Surgical Partners-Montana, LLC ("Meridian-Montana") asserts the following:

1.      Omni Funding entered into Business Loan Agreement with Western Security on December 12, 2011.  As provided in the Business Loan Agreement, the Loan Proceeds were to be used for the following purposes:  "Proceeds of this loan are to be used for leasehold improvements, fixtures, equipment purchases, other tangible and intangible assets and to provide a lease facility to the Company [Orthopaedic Neuro Institute Surgical Center, LLC] for its business operations plus fees, costs and expenses."

2.      The Collateral for the Business Loan is described in the Commercial Security Agreement entered into between Omni Funding and Western Security as of the date of closing.

3.      Simultaneously with the execution of the Business Loan Agreement and Commercial Security Agreement, Omni Funding also entered into a Registered Lease and License Financing and Purchaser Option Agreement ("Registered Lease

Agreement") with Orthopaedic Neuro Institute Surgical Center, LLC in which

Western Security was named as Collateral Agent for the benefit of Omni Funding.

Under the terms of this Registered Lease Agreement, Orthopaedic Neuro Institute

Surgical Center, LLC was required to make certain lease rental payments to Omni

Funding.

    4.    Orthopaedic Neuro Institute Surgical Center, LLC entered into a

Commercial Security Agreement in favor of Western Security as Collateral Agent

for Omni Funding, in which Orthopaedic Neuro Institute Surgical Center, LLC

offered as collateral all the property which was the subject of the Registered Lease

Agreement.

    5.    Meridian Surgical Center – Montana LLC ("Meridian-Montana") also

entered into a Guaranty in favor of Western Security as Collateral Agent for Omni

Funding, under which Meridian-Montana guaranteed to pay up to 46.25% of all

unpaid obligations due under the Registered Lease.

    6.    Orthopaedic Neuro Institute Surgical Center, LLC has defaulted in its

obligations under the Lease Agreement to Omni Funding, which has resulted Omni

Funding being unable to meet its obligations to Western Security under the

Business Loan Agreement between Omni Funding and Western Security.

    7.    As guarantor of 46.25% of Orthopaedic Neuro Institute Surgical

Center, LLC's obligation under the Registered Lease Agreement, Meridian-

Montana is obligated to pay its proportionate share of Orthopaedic Neuro Institute Surgical Center, LLC's obligation under the Registered Lease Agreement.

8.      To the extent Omni Funding is liable to Western Security for any amounts due under the Business Loan Agreement, Omni Funding seeks indemnity or contribution from Meridian-Montana up to the amount of Meridian-Montana's guaranty of the Registered Lease Agreement.

## THIRD PARTY COMPLAINT

For its Third Party Complaint, Omni Funding alleges as follows:

1.      Omni Funding Corp. ("Omni Funding") is a Delaware corporation with its principal place of business in New York.

2.      Schneider Limited Partnership is a limited partnership which is a citizen of Wyoming.

3.      Jay Winzenreid, M.D. is a citizen of Wyoming.

4.      Stephen Emery is a citizen of Wyoming.

5.      Big Horn Basin and Joint, LLC is a citizen of Wyoming.

6.      Andrew Baker is a citizen of Wyoming.

7.      Daniel Mattson is a citizen of Montana.

8.      Orthopaedic Neuro Institute Surgical Center, LLC is Delaware Limited Liability Company with its principal place of business other than the state of New York.

28

9.      On or about December 12, 2011 Omni Funding closed on a Business Loan Agreement under the terms of which Omni Funding borrowed funds from Western Security Bank.

10.     Pursuant to the Business Loan Agreement, the third party defendants identified in this Paragraph 10 guaranteed Omni Funding's loan in the following amounts:

| | |
|---|---|
| Schneider Limited Partnership | 28.75% of all indebtedness |
| Jay Winzenreid, M.D. | 12.5% of all indebtedness |
| Stephen Emery | 12.5% of all indebtedness |
| Big Horn Basin and Joint, LLC | 12.5% of all indebtedness |
| Andrew Baker | 6.25% of all indebtedness |
| Daniel Mattson | 6.25%  of all indebtedness. |

(The above-named persons collectively are referred to herein as the "Loan Guarantors.")

11.     Each of the above-identified Loan Guarantors also executed a Commercial Guaranty in favor of Western Security Bank guaranteeing payment of his or its proportionate share of the loan obligation in the event of a default.

12.     Pursuant to the terms of the Registered Lease and License Financing and Purchase Option Agreement dated as of December 12, 2011 ("Registered Lease Agreement") entered into between Omni Funding and Orthopaedic Neuro

29

Institute Surgical Center, LLC and Western Security as Collateral Agent,

Orthopaedic Neuro Institute Surgical Center, LLC was obligated to make certain

lease payments to Omni Funding which would enable Omni Funding to make its

loan payments to Western Security pursuant to the Business Loan Agreement.

13.     Orthopaedic Neuro Institute Surgical Center, LLC defaulted on its

lease payment obligations, making it impossible for Omni Funding to make its

payments to Western Security.

14.     Western Security Bank alleges that Omni Funding owes a principal

amount of $1,949,142.24 as of the date of any default together with accrued

interest of $11,983.22 and late charges of $1,835.63, with interest accruing at a rate

of $272.35 per day.

15.     To the best of Omni Funding's knowledge, information, and belief,

the Bank as Collateral Agent for Omni Funding has not undertaken any efforts to

execute on the guarantees from the Loan Guarantors or any of them.

16.     Orthopaedic Neuro Institute Surgical Center, LLC remains in default

under the terms of the Registered Lease Agreement.

## COUNT I

17.     Omni Funding incorporates herein the allegations and averments set

forth herein Paragraphs 1-16 above.

18.     Omni Funding seeks a judicial determination that the guarantees of the Loan Guarantors, and each of them, are valid and enforceable obligations of the Loan Guarantors.

19.     Omni Funding also seeks a judicial determination that the Registered Lease Agreement between Orthopaedic Neuro Institute Surgical Center, LLC, Omni Funding and Western Security Bank is a valid and enforceable obligation of Orthopaedic Neuro Institute Surgical Center, LLC.

**COUNT II**

20.     Omni Funding incorporates herein the allegations and averments set forth herein Paragraphs 1-16.

21.     Omni Funding is a third party beneficiary of the guarantees of the third party defendant Loan Guarantors in that the guarantees were a material inducement for Omni Funding to enter into the Business Loan Agreement with Western Security.

22.     Omni Funding seeks specific performance by each of the Loan Guarantors on their respective guarantees.

**COUNT III**

23.     Omni Funding incorporates herein the allegations and averments set forth herein Paragraphs 1-16.

24.     To the extent Omni Funding is found to owe any money to Western Security Bank pursuant to the Business Loan Agreement and other Loan Transaction Documents, Omni Funding seeks contribution or indemnification from the Loan Guarantors in an amount equal to their respective guarantees.

## COUNT IV

25.     Omni Funding incorporates herein the allegations and averments set forth herein Paragraphs 1-16.

26.     Orthopaedic Neuro Institute Surgical Center, LLC has breached its contractual obligations to Omni Funding as set forth in the Registered Lease Agreement.

27.     Omni Funding seeks specific performance by Orthopaedic Neuro Institute Surgical Center, LLC of its obligations under the Registered Lease Agreement.

## COUNT V

28.     Omni Funding incorporates herein the allegations and averments set forth herein Paragraphs 1-16.

29.     Orthopaedic Neuro Institute Surgical Center, LLC has breached its contractual obligations to Omni Funding as set forth in the Registered Lease Agreement.

30.     Omni Funding seeks damages from Orthopaedic Neuro Institute Surgical Center, LLC for the breach of contract in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Omni Funding requests the following relief from the Third Party Defendants:

1. A judicial declaration that the Loan Guarantors and each of them is liable to pay their respective proportionate shares of any loan principal, interest, and fees owed by Omni Funding to Western Security Bank under the terms of each of their respective Commercial Guaranty executed as of December 12, 2011.

2. A judicial declaration that Orthopaedic Neuro Institute Surgical Center, LLC is liable to Omni Funding under the terms of the Registered Lease Agreement dated as of December 12, 2011for which Western Security Bank is the Collateral Agent.

3. An order which requires that each Loan Guarantor pay to Western Security Bank in favor of Omni Funding its proportionate share of the outstanding principal, interest and fees owed by Omni Funding to Western Security Bank under the terms of the Business Loan Agreement entered into between Omni Funding and the Bank as of December 12, 2011.

4.  An order which requires Orthopaedic Neuro Institute Surgical Center,
    LLC to specifically perform its obligations under the Registered Lease
    Agreement entered into with Omni Funding and Western Security Bank
    as of December 12, 2011.

5.  An order which requires Orthopaedic Neuro Institute Surgical Center,
    LLC to pay to Omni Funding damages for breach of the Registered Lease
    Agreement in an amount to be proven at trial.

6.  An order requiring the Third Party Defendants to pay Omni Funding's
    attorneys' fees and costs.

7.  Such other relief as is just and proper.

**JURY DEMAND**

Omni Funding hereby requests a trial by jury on all issues.

DATED this 8th day of April, 2014.

                    BROWNING, KALECZYC, BERRY & HOVEN, P.C.


                    By /s/ Stanley T. Kaleczyc                              
                          Stanley T. Kaleczyc

                    Attorneys for OMNI FUNDING CORP.

34

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2014, a true copy of the foregoing was served:

Via ECF to the following parties:

1.      Clerk, U.S. District Court

2.      Robert L. Sterup
        Shane Coleman
        Holland & Hart, LLP
        P.O. Box 639
        Billings, MT 59103-0639

3.      Doug James
        Moulton Bellingham, PC
        27 North 27th Street, Suite 1900
        P.O. Box 2559
        Billings, MT 59103-2559


   /s/ Stanley T. Kaleczyc
BROWNING, KALECZYC, BERRY & HOVEN, P.C.